IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 07-0611-PHX-MHM |
| | ) | CIV 08-1108-PHX-MHM (DKD) |
| Plaintiff/Respondent, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Gabriel Rico-Bustamante, | ) | |
| Defendant/Movant. | ) | |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

Gabriel Rico-Bustamante filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his sentence of 42 months imposed following a guilty plea. He raises three grounds in his motion, but his essential claim is that trial counsel was ineffective for failing to file his requested appeal. Rico-Bustamante also seeks an evidentiary hearing. The Court has concluded that an evidentiary hearing is unnecessary and recommends that the motion be denied.

Pursuant to a written plea agreement, Rico-Bustamante pleaded guilty to a violation of 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(2), Illegal Reentry After Deportation, a class C felony. He contends the following in his motion: (1) he was denied the right to appeal because his attorney did not follow his instructions to file a timely appeal; (2) he was denied the effective assistance of counsel because counsel failed to file a motion for a downward departure due to his status as a deportable alien; and (3) he was denied the

effective assistance of counsel because counsel failed to file a timely appeal at his instruction (Doc. 1).

Rico-Bustamante first contends that counsel was deficient in failing "to file a requested appeal and/or by counsel's failure to consult with him regarding an appeal" (*Id*. at 5). He also contends that his attorney "assured him the he would receive a departure for accepting responsibility and a separate departure because he would be deported" (*Id.* at 6), thus assuring him a sentence of between 24 and 30 months (*Id*. at 6-7). He argues that had counsel filed such a motion for downward departure, he would have received a lower sentence (*Id*.). He further alleges that "immediately following sentencing, that he requested counsel to appeal....that he believed that an appeal had been filed. However, without any communication whatsoever to/with Movant, counsel filed no appeal" (*Id*. at 8).

Rico-Bustamante alleges that counsel's failure to file an appeal "was both deficient and highly prejudicial to Movant" (*Id.*). He also states in the affidavit attached to his motion that "because I did not speak [E]nglish or know about American law, that another inmate assisted me in finding out that no appeal had been filed and with [sic] assisting me with these filings" (*Id.*, Exh A).[1] He further asserts in his affidavit that "had I known that my attorney was not going to file an appeal, that I would have somehow caused an appeal to be filed" (*Id*.).

As part of the plea agreement, the parties stipulated that Rico-Bustamante could receive up to 63 months in prison, and he indicated to the Magistrate Judge at the change of plea hearing that he understood this stipulation (CR 07-611, Doc. 36, R.T. 5/16/07 at 13). As part of the plea agreement, Rico Bustamante also specifically waived his "right to appeal

---

[1] His assertion that he does not speak English is belied by the record. At the change of plea proceedings, he avowed to the Magistrate Judge that he could read and understand English (Doc. 36, R.T. 5/16/07 at 5). In addition, when asked by the sentencing judge whether he spoke English and whether he preferred to proceed in English, he answered yes to both inquiries (Doc. 38, R.T. 10/16/07 at 3).

- 2 -

his sentence..." and his "right to collaterally attack [his] conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack" (CR 07-611, Doc. 23, Plea Agreement at 5). As part of the written agreement and at the change of plea hearing, he also acknowledged that the written agreement contained "all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void" (*Id*. at 6).

At the change of plea proceedings, Rico-Bustamante avowed to the Magistrate Judge that he was satisfied with the representation received from trial counsel, and that he understood that by pleading guilty, he was giving up his right "both to a direct appeal and to collaterally attack any judgment of guilt or sentence imposed by Judge Murguia" (Doc. 36, R.T. 5/16/07 at 8-10). The District Court sentenced Rico-Bustamante within the stipulated guideline range of 37 to 46 months for a defendant with a total offense level 21 and a criminal history category IV (Doc. 38, R.T. 10/16/07 at 6-7).

Waivers of the right to appeal or collaterally attack a conviction and sentence are valid and enforceable if expressly made. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). That includes any claim of "ineffective assistance of counsel involving the sentencing issue on direct appeal, because an appeal that includes an ineffective assistance of counsel at sentencing argument is still an appeal from one's sentence." *Nunez*, 223 F.3d at 959. Notwithstanding the waiver, the Ninth Circuit has raised doubts that such an express waiver could preclude a 2255 ineffective assistance claim if it involved the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005).

In this case, the waiver included "any and all motions...which defendant could assert...to the court's entry of judgment against defendant and imposition of sentence upon

defendant, provided that the sentence is consistent with this plea agreement." (CR 07-611-PHX-MHM, Doc. 23 at 4). In addition, Rico-Bustamante expressly waived

> (1) the right to appeal the court's entry of judgement against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. *Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.*

(*Id.*) (emphasis added).

The sentence imposed was consistent with the plea agreement. The Court concludes, as did the Magistrate Judge at the change of plea hearing, that Rico-Bustamante knowingly waived his right to appeal or collaterally attack his conviction and sentence. Regarding the narrow exception to this waiver discussed by the Court in *Jeronimo*, Rico-Bustamante does not contend that either the plea or the waiver was involuntary, and therefore the exception does not apply.

Regarding his claim that his trial counsel was ineffective for failing to file a requested appeal, both the government and Rico-Bustamante have requested an evidentiary hearing, citing *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). In *Sandoval-Lopez*, the Ninth Circuit held that it was deficient performance for counsel not to file a notice of appeal, citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The Court finds an evidentiary hearing is unnecessary because Rico-Bustamante has waived his right to assert an ineffective assistance claim. While the Court agrees that *Sandoval-Lopez* addressed counsel's failure to file a requested appeal in the context of an ineffective assistance of counsel claim, it did not address *the existence of an entitlement to file a collateral attack* asserting such a claim.

The Court agrees with the reasoning of the Court in *Lewis v. U.S.*, 2009 WL 4694042, *5 (D. Ariz.), discussing the same issue:

> What is at issue here is not the validity of Movant's claim that counsel was ineffective for failing to file an appeal. Rather, what is at issue here is the enforceability of Movant's waiver of his right to assert such a claim in a

collateral attack. Nothing in *Flores-Ortega* or *Sandoval-Lopez* would render Movant's waiver unenforceable.

Even if one assumes that counsel neglected an instruction to file a notice of appeal, and thus was ineffective (despite Movant's waiver of his right to file such an appeal), such post-plea ineffectiveness has no impact on the validity or enforceability of Movant's waiver of his collateral attack rights. Indeed, neither *Flores-Ortega* nor *Sandoval-Lopez* encompassed a waiver of collateral attack rights.

**IT IS THEREFORE RECOMMENDED** that Gabriel Rico-Bustamante's Motion to Vacate, Set Aside, or Correct Sentence be denied (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 10th day of September, 2010.

_____
David K. Duncan
United States Magistrate Judge